UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JASON FLAKES,

        Plaintiff,                  Case No. 2:13-cv-211

v.                                          Honorable R. Allan Edgar

JAMES R. SCHIEBNER, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Jason Flakes, a state prisoner currently incarcerated at the Alger Maximum Correctional Facility (LMF), filed this civil rights action against Defendants Hearing Investigator

James R. Schiebner, Deputy Warden Lavern Sharp, Warden Cindi Curtin, Grievance Coordinator M. E. McDonald, Deputy Warden Linda Tribley, Baraga Maximum Correctional Facility (AMF) Warden Unknown Party #1, and AMF Resident Unit Manager Unknown Party #2.

In Plaintiff's complaint, he reasserts claims of assault and battery and excessive force, which he previously asserted in Case No. 1:10-cv-25. In that complaint, Plaintiff claimed that while he was confined at the Oaks Correctional Facility (ECF), he was forced to take a cold shower by Resident Unit Officer Van Gordon. As Officers Van Gordon and Bennett were escorting Plaintiff back to his cell, Plaintiff told them that he wanted to speak to the Lieutenant about the cold shower. Plaintiff claims that when he stopped walking, Van Gordon and Bennett immediately twisted his arm, which was handcuffed behind his back, and kicked his legs out from under him, causing him to fall on his head. To cover up the assault, Plaintiff claims that Officer Van Gordon wrote a false major misconduct report charging Plaintiff with assault and battery. According to the report, the officers guided Plaintiff to the floor only after he refused a direct order to go back to his cell and resisted the officers. Following an administrative hearing, Hearing Officer Buren found Plaintiff guilty of the misconduct. Plaintiff requested a rehearing, which was denied by Richard Stapleton. Thereafter, Plaintiff sought relief in the Ingham County Circuit Court. The Court found that the major misconduct was not supported by competent, material and substantial evidence and reversed the conviction.

Plaintiff alleged that Officers Van Gordon and Bennett assaulted him and wrote a false misconduct report against him in retaliation for attempting to lodge a complaint in violation of his First Amendment rights. Plaintiff further asserts that Van Gordon and Bennett assaulted him without cause in violation of his Eighth Amendment rights and that the defendants in that case violated his Fourteenth Amendment due process rights and conspired against him in the misconduct proceedings

and the prison grievance process. Defendants filed a motion for summary judgment in that case, in which they asserted that Plaintiff had failed to exhaust his administrative remedies as to any of his claims. In support of the motion for summary judgment, Richard Stapleton attested that although Plaintiff filed a grievance regarding this incident, he failed to appeal the denial of that grievance to step III. Plaintiff insisted that he did file a step III appeal, but failed to provide specific information about such an appeal. The court found Defendants' brief to be persuasive and granted the motion for summary judgment on March 29, 2011. *Flakes v. VanGordon*, 1:10-cv-25 (W.D. Mich), docket #52. Plaintiff filed an appeal in 1:10-cv-25, which was granted by the Sixth Circuit on February 8, 2013 *Id.*, docket #77. The court notes that Case No. 1:10-cv-25 is currently pending in this court.

In the instant case, Plaintiff appears to be asserting that Defendants Schiebner, Sharp, Curtin, McDonald, Tribley, and Unknown Parties #1 and #2, improperly interfered with his use of the grievance system and with his ability to obtain copies of grievances that he had filed. Plaintiff claims that such interference was retaliatory and interfered with his ability to access the courts with regard to Case No. 1:10-cv-25. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

**Discussion**

I.Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that to the extent that Plaintiff wishes to reassert the claims set forth in Case No. 1:10-cv-25, such an action would be improper, given that those claims remain pending before this court in that case.

As noted above, Plaintiff claims that the instant Defendants interfered with his ability to exhaust grievances and to obtain copies of grievances in order to retaliate against Plaintiff.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants retaliated against him because he engaged in protected conduct. Accordingly, his speculative allegation fails to state a claim.

Plaintiff also claims that Defendants conduct violated his right of access to the courts in Case No. 1:10-cv-25. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In this case, Plaintiff is claiming that Defendants' interference with his ability to grieve the underlying misconduct asserted in Case No. 1:10-cv-25 violated his First Amendment rights. However, as stated previously, Case No. 1:10-cv-25 has been reopened and Plaintiff's claims continue to be pending before the court. Therefore, Plaintiff has not suffered an actual injury. Consequently, Plaintiff's access to courts claims are properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:      10/3/2013             /s/ R. Allan Edgar
                                  R. Allan Edgar
                                  United States District Judge